UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.:

| | | |
|---|---|---|
| **JODY MILLER** | ) | |
|    **Plaintiff** | ) | |
|    v. | ) | |
| | ) | |
| **COLLECTION TECHNOLOGY INC.** | ) | **COMPLAINT** |
| and | ) | |
| **MARGE KRAMER** | ) | **JURY TRIAL DEMANDED** |
|    **Defendants** | ) | |

## I. PRELIMINARY STATEMENT

1. This action arises out of illegal acts and omissions of the above-named defendants, who used false, deceptive, misleading, unfair, abusive, and oppressive practices and means in conjunction with attempts to collect an alleged debt or debts and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 ("FCEUA"), and Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL").  Plaintiff seeks actual damages, statutory damages, treble damages, costs, and attorney's fees.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337 and pursuant to 15 U.S.C. § 1692, et seq. and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## III. PARTIES

4.      Plaintiff, Jody Miller, ("Plaintiff") is a natural person residing at 172 Carson Street, Philadelphia, Pennsylvania  19127.  Because Plaintiff was allegedly obligated to pay a debt that is the subject of this case that was primarily for family, personal or household purposes, namely, a student loan, she was a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3)  and FCEUA, 73 P.S. § 2270.3.

5.       Defendant Collection Technology, Inc. ("CTI") is, upon information and belief, a corporation existing pursuant to the laws of the State of California and maintains a principal place of business located at 1200 Corp Center Drive #325, Monterey Park, California  91754 and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6.      At all times relevant to this Complaint, Defendant CTI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

7.      Defendant, Marge Kramer ("Marge" or "Kramer") is, upon information and belief, an owner, manager, officer, partner, shareholder, authorized representative, employee, agent and/or workman of CTI and, acting within the course and scope of her employment and/or business relationship with CTI and, at all relevant times herein, is located at or through CTI's office address at 507 Prudential Road, Horsham, Pennsylvania  19044.

8.      At all times relevant to this Complaint, Defendant Kramer is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

9.      At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

10.     Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.  Based on said activity or activities, Defendants were debt collectors within the meaning of FDCPA, 15 U.S.C. § 1692a (6), and FCEUA, 73 P.S. § 2270.3.

## IV. FACTUAL ALLEGATIONS

11.     Beginning in early January, 2011, and continuing through mid-February, 2011, Defendant CTI called Plaintiff an average of six times per day.  No voicemail messages were left.

12.     On February 11, 2011, Plaintiff answered a call from Defendant CTI and was immediately connected to her "counselor," a woman who identified herself as Marge.

13.     During this telephone call, Marge asked Plaintiff for financial information and references.  At this point, Plaintiff instructed Marge to contact the undersigned counsel and ended the conversation.

14.     Immediately after that telephone call, the undersigned counsel received a telephone call from a woman who identified herself as Marge from CTI.  Marge told the undersigned counsel that she was given counsel's telephone number by Plaintiff and was told by Plaintiff that the undersigned counsel was her attorney and would be representing Plaintiff in this matter.

15.     The undersigned counsel spoke with Marge and confirmed his representation of Plaintiff in this matter.

16.     Despite having called the undersigned counsel and confirming his representation of Plaintiff, Marge demanded that the undersigned counsel send her a letter of representation.

17.     Undersigned counsel informed Marge that since she called him and confirmed his representation that it was not necessary for a formal letter of representation be sent to Marge.

18      Marge responded by becoming very belligerent and nasty and the conversation abruptly ended.

19.     Immediately after the aforesaid conversation with the undersigned counsel, a voicemail was left on Plaintiff's answering machine which message had the same voice as the woman who previously identified herself as Marge but now identified herself as Marge Kramer, who left CTI's telephone number and a case number.

20.     Since then, Defendant Kramer has made at least four telephone calls to Plaintiff.

21.     On February 16, 2011, Defendant Kramer made a telephone call to the cell phone of Jim Edelman, a friend of Plaintiff, who has no relation to this matter whatsoever.

22.     Defendant Kramer asked Mr. Edelman to have Plaintiff return her call at 800-620-4284 extension 3156.

23.     On March 22, 2011, Plaintiff's next door neighbor, who she barely knows, came to Plaintiff's house and told Plaintiff that she received a message on her answering machine asking her to contact Plaintiff and have her call Marge at CTI.

24.     As a result of Plaintiff's neighbor receiving this information and relating it to her, Plaintiff was embarrassed and humiliated, has had trouble sleeping and has suffered other emotional upset.

25.     Even after contacting the undersigned counsel, Plaintiff's neighbor and Mr. Edelman, Defendant Kramer continues to call Plaintiff.

## V. TRIAL BY JURY

26.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. P. 38.

## VI.    CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et. seq.

27.     Plaintiff incorporates her allegations of paragraphs 1 through 26 as though set forth at length herein.

28.     Defendants' violations of FDCPA include but are limited to, the following:

(a)     Defendants violated 15 U.S.C. § 1692b(1) by failing to identify themselves, or failing to state that collector is confirming or correcting location information.

(b)     Defendants violated 15 U.S.C. § 1692b(2) by informing a third party that the consumer owes a debt.

(c)     Defendants violated 15 U.S.C. § 1692b(6) by contacting a third party after knowing the consumer is represented by an attorney.

(d)     Defendants violated 15 U.S.C. § 1692c(a)(2) by contacting a person despite knowing that the consumer is represented by an attorney with respect to such debt.

(e)     Defendants violated 15 U.S.C. § 1692c(b) by contacting a person without the prior consent of the consumer given directly to the debt collector.

(f)     Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and/or abuse Plaintiff in connection with the collection of a debt.

(g)     Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt.

(h)     Defendants violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not be taken or that was not intended to be taken in connection with the collection of a debt.

(i)     Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt.

(j)     Defendants violated 15 U.S.C. § 1692f by using unfair practices and/or means to collect or attempt to collect a debt.

29.    As a result of the Defendants' illegal collection efforts, Plaintiff has suffered and is entitled to damages in the form of actual damages, compensatory damages, statutory damages and attorney's fees, costs and expenses.

30.    As a result of the Defendants' illegal collection efforts and communications, Plaintiff has suffered actual damages in the form of anger, anxiety, frustration and sleeplessness.

31.     As a result of the foregoing violations of the FDCPA, Defendants are individually, jointly, vicariously and severally liable to Plaintiff for actual damages, compensatory damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

32.     The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and everyone of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

## CLAIMS FOR RELIEF

33.     Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

35.     As a result of each of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jody Miller, prays that judgment be entered in her favor against Defendants, individually, jointly, severally and/or vicariously in an amount including but not limited to the following:

(1)     Actual damages;

    (2)     Statutory damages in the amount of $1,000.00;

    (3)     Reasonable attorney's fees and costs;

    (4)     Declaratory judgment that the Defendants' conduct violated the FDCPA;

    (5)     Such other and further relief that the Court deems just and proper.

## COUNT II - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA")

36. Plaintiff incorporates her allegations of paragraphs 1 through 35 as though set forth at length herein.

37. Defendants violated the FCEUA, 73 P.S. § 2270.4(a), because any violation of the FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under the FCEUA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jody Miller, prays that judgment be entered in her favor against Defendants, individually, jointly, severally and/or vicariously in an amount including but not limited to the following:

    (a)  Actual damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a).

    (b)  Statutory damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a).

    (c)  Treble damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a)

    (d)  Costs of this action together with a reasonable attorney's fees pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a).

    (e)  An Order declaring that Defendants violated the FCEU

    (f)   Such other and further relief as may be just and proper.

## COUNT III - VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE AND CONSUMER PROTECTION LAW ("UTPCPL")

38.     Plaintiff incorporates her allegations of paragraphs 1 through 37 as though set forth at length herein.

39.     Defendants violated UTPCPL, because, pursuant to the FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under the FCEUA by a debt collector or credit, as set forth above, constitutes a violation of the UTPCPL.

40.     Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendants include, but are not limited to, the following:

    (a)     Defendants engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding;

    (b)     Defendants used false names/identities in attempting to collect a debt;

    (c)     Defendants made false representations to obtain information;

41.     Pursuant to the UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jody Miller, prays that judgment be entered in her favor against Defendants, individually, jointly, severally and/or vicariously in an amount included but not limited to the following:

    (a) Actual damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a).

    (b) Statutory damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a).

    (c) Treble damages pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a)

    (d) Costs of this action together with a reasonable attorney's fee, pursuant to 73 P.S. §§ 201-9.2(a) and 2270.5(a).

    (e) An Order declaring that Defendants violated the UTCPL

    (f) Such other and further relief as may be just and proper.

## COUNT IV
## INVASION OF PRIVACY

42.     Plaintiff incorporates her allegations of paragraphs 1 through 41 as though set forth at length herein.

43.     Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff by publicly airing private facts concerning the Plaintiff.

44.     Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

45.     Plaintiff had a reasonable expectation of privacy in Plaintiff's respective solitude, seclusion and/or private concerns or affairs.

46.     The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

47.     As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

48.     Defendants acted with malice or reckless disregard to Plaintiff's rights and welfare, warranting the imposition of punitive damages against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jody Miller, prays that judgment be entered in her favor against Defendants, individually, jointly, severally and/or vicariously for actual and punitive damages.

Respectfully submitted,

<u>Mpf8441/s/*Michael P. Forbes*</u>
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D.#55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399

*Attorney for Plaintiff, Jody Miller*